Pee cueiam :
The court does not regard the question of statutory construction in this case as free from doubt, but, nevertheless, is of the opinion that inasmuch as the claim which is referred to the court is, upon the face of the private act, one of which the court did not have jurisdiction (as was decided by the Supreme Court in Nicholls Case, 7 Wall., 122), the first purpose of the act was necessarily to confer jurisdiction. And the court is further of the opinion that the purpose of conferring jurisdiction must have been to enable the court to render substantial justice, if upon ordinary principles of law the parties seeking redress were entitled to it; and that the question of liability spoken of in the act is the legal liability which an ordinary body corporate, such as a railroad or municipal corporation, would be subject to for similar acts committed by their agents in similar circumstances, the provision concernió g the statute of li nutations pr ob-ably having been inserted in the act from excess of caution.
The court is also of the opinion that the claimants’ loss of business in the sale of alcohol on commission, not having been directly caused by the acts-of the revenue officers, comes under the rule of remote and consequential damages, and cannot be recovered; and that the outlay of the claimants for rent, wages, and insurance was an incident of their ordinary business, and not an expense caused by or for which the Government can be held liable.
Concerning the objection raised by the defendants’ counsel that the firm of Cumming & Co. was guilty of irregularities under the Treasury regulations which went into operation on the 29th August, 1867, in allowing a clerk or employé to be put forward as the nominal proprietor of the bonded warehouse, and in maintaining their own place of business in the same building, and in keeping a large quantity of free goods on the premises, tho court is of the opinion that as no actual fraud, concealment, or loss to the revenue is shown, and as these irregularities were much more fully known to the collector of the district and to the Commissioner of Internal Eevenue than to the court, and inasmuch as the Treasury Department having-knowledge of the facts had also exclusive jurisdiction of the subject-matter with power either to order a seizure or to waive an irregularity and remit a forfeiture, and having- exclusive *366 jurisdiction determined through the Commissioner of Internal Be venue that no just cause- for the seizure of the claimants’ property existed, the court cannot now retry the issue properly within the jurisdiction of and actually determined by the revenue department, but must regard the decision of the Commissioner as final and conclusive.
The judgment of the court is that the claimants recover of the defendants the sum of $36,000.